## FIDELITY AND CASUALTY COMPANY OF NEW YORK v GARBER et

Ohio Appeals, 8th Dist, Cuyahoga Co

No 11923. Decided March 9, 1932

Howell, Roberts and Duncan, Cleveland, for plaintiff.

Stearns, Chamberlain and Royon, Cleveland, for defendants.

MAUCK, PJ and MIDDLETON, J (4th Dist), and FARR, J (7th Dist), sitting.

MAUCK, PJ.

Upon the issues thus joined trial was had in the Common Pleas Court where a judgment was entered for all of the defendants except Garber, the cashier. From so much of the judgment as was against the plaintiff the plaintiff appealed to this court. At the same time the appeal was perfected the plaintiff filed a proceeding in error. The appellees have moved to dismiss the appeal on the ground that the action is not one in chancery and that it is consequently not appealable. That motion is overruled. Another motion has been filed in the error case to dismiss that petition in error for a defect in parties defendant. The error case will not be disposed of at this time. If the appeal case should go to the Supreme Court and that court hold that the case was not appealable the plaintiff should have an opportunity to present its case on the proceedings in error.

The appeal case has been heard in this court upon the bill of exceptions taken and filed in the error case, embodying all the evidence adduced in the Common Pleas. This evidence shows that no recovery could be had by the plaintiff upon the original petition. That pleading sought to compel the bank to recover upon a supposed claim that existed in its favor, and to part of which the plaintiff claimed to be subrogated, against the defendant directors because the latter conspired with the cashier to wrong the bank or negligently permitted the cashier to so wrong it. Manifestly, when it was revealed that the directors had wholly paid the bank all of the claims that might be asserted by it against the directors, no cause of action existed in favor of the bank.

Without going into the interesting and important questions discussed in the briefs filed by opposing counsel we deem it sufficient to say that the theory upon which the plaintiff has endeavored to sustain this second cause of action is equally unsupported by the facts. The testimony of Mr. Burgess, the agent, and Mr. Duncan, the attorney for the plaintiff, shows that prior to the settlement of the suit brought on the bond the plaintiff had express notice of what the directors of the bank were doing in the exigency with which they were then confronted. Both the agent and the attorney knew at the time that it was done that the directors of the bank were "taking out" of the assets of the bank the notes that formed the basis of the bank's claim against the bonding company and were substituting either cash or their own obligations therefor, and this with the understanding among themselves that so far as it could be done the directors would recoup themselves from whatever money was realized on the bank's claim against the bonding company. When the bonding company effected the settlement for $10,000 it was confronted with a possibility of a liability considerably in excess of that sum. Its pleading in the Federal courts shows that it was then aware that the bank's directors had taken over the notes and paid the face value thereof to the bank. It charged that the directors had full knowledge and gave consent to the actions of the cashier complained of, and it knew the extent of those abstractions. At least it knew that the abstractions very greatly exceeded the sum of $10,000. By its present attempt to hold the directors as trustees ex maleficio it in effect seeks to accomplish a setting aside of the settlement it entered into for the sum of $10,000 without at the same time surrendering the advantage it got by that settlement in being released of a liability in excess of $10,000. A court of equity would certainly not exert itself to effect so inequitable an end.

If, instead of beginning at the pleadings and looking over the past history of this controversy, we approach the case from the other angle and see how it has developed the situation may be somewhat clearer. The cashier had unlawfully abstracted from the bank many thousands of dollars. The plaintiff had agreed to indemnify the bank in the sum of $25,000 against the wrongful abstractions of the cashier "directly or in connivance with others." The others, of course, included the directors of the bank. The State Banking Department had required the directors to "take out" the worthless notes evidencing the cashier's abstractions. This order was not made because the directors had been found to be responsible for the bank's condition but because the law and the public interest required that depositors be protected by assets of value. This order was in effect a determination by said banking department that it would not accept these notes as legal assets of the bank, and that the bank could not have credit for the assets it claimed unless these notes were supplanted by cash or other securities of real value. The directors did make good this

deficiency of assets with the understanding inter se that their losses would be compensated when the bank realized on the bonds. The bank thereupon brought suit to realize on the bonds. The plaintiff in this case, the defendant in the suit on the bond, might in that case have raised the question that the bank's loss had been made good by the directors and that there was consequently no loss to be made good by the surety company; that the bank was suing in fact for the benefit of the directors and not for its own benefit. We need not, and can not, determine whether such defense would have been good. If such defense had been made and adhered to the defendant company conceivably might have escaped payment altogether. On the other hand, conceivably it might have had judgment against it for almost twice the amount it actually settled for. It chose to compromise. Under this state of facts we hold that having waived its right to try out the question in a legal action it can not now retain the advantages it procured by that waiver and be heard in equity to re-assert the rights, if any, that it waived in an action at law.

We do not find it necessary or possible to go into other questions suggested by the record. Were the directors shown to be negligent? If so, was their negligence, jointly with the abstraction by the cashier, the proximate cause of the bank's loss, or was such negligence only a remote cause? If the directors were negligent and that negligence jointly with the unlawful conduct of the cashier was the proximate cause of the bank's loss, could the bondsman of the cashier who has paid part of the loss recover from a joint tort feasor the amount so paid by him? These questions might have been important ones to have litigated in the action on the bond. In our judgment it is too late to litigate them now.

The altogether different question argued as to whether the bank directors after the receipt of the $10 000 from the plaintiff in settlement of the bank's claim had a right to divide that money among the contributing directors is a question that does not concern us. It does not concern the plaintiff. It is a matter that concerns only the directors, the other stockholders of the bank and the public at large.

Upon the facts adduced the plaintiff can not recover.

The defendants may, if they desire, file an additional answer.

Decree for defendants.

MIDDLETON and FARR, JJ, concur.